# Dixon v. Overseers of the Poor.

The burial of a deceased poor person is generally regarded as a service in emergency and the Poor District is liable therefor; but the person furnishing the relief must be reasonably diligent in obtaining either an order of relief or approval, with notice to the Overseers.

On appeal by a defendant Poor District from the judgment of a Justice of the Peace, the case should go to the Jury, where the uncontradicted testimony shows that the order of approval was obtained nearly three years after the services were rendered; that the order of approval was not appealed from and where the plaintiff, an undertaker, testifies that his apparent laches were caused by his effort to obtain payment from the parent of the poor person if possible, in order to save the expenses to the Poor District.

POOR LAW—ORDER OF APPROVAL NOT APPEALED FROM—BURIAL OF DECEASED POOR PERSON— APPEAL BY DEFENDANT POOR DISTRICT FROM JUDGMENT OF A JUSTICE OF THE PEACE— WHEN CASE SHOULD GO TO JURY.

Rule to take off non-suit.

No. 124, Aug. T., 1902, C. P. Centre County.

H. C. Quigley, for Rule.

C. Dale and James A. B. Miller, contra.

Opinion by LOVE, P. J., Oct. 14, 1902.

This is a rule to show cause why a compulsory non-suit should not be stricken off and a new trial granted. The plaintiff shows that he was an undertaker and as such buried the daughter of John Sarvey, a poor person, February 26th, 1899; that he sought to get the pay from the mother of the daughter; that on the 8th day of January, 1902, he obtained an order of approval for the bill rendered and which adjudicated that the poor person was poor and the subject of public aid; also that the services were rendered in an emergency. The bill was $35. The burial of a poor person is generally regarded as a service of emergency. It must be done and it is the duty of the Overseers to bury persons who are proper persons for public relief and the Poor District is liable therefor. At the close of the plaintiff's evidence, we granted a compulsory non-suit, because of the laches of the plaintiff. It is the duty of anyone furnishing relief

to a poor person and for which he seeks to hold the district, to be reasonably diligent in presenting his claim therefor and in obtaining either, an order of relief or of approval, with due notice to the Overseers. As the burial of the dead is a necessity and admits of no unusual delay, the authorities regard services so rendered as rendered in an emergency. After a careful examination of the authorities, we think the questions raised in this case should have gone to the Jury. That the delay in obtaining the order of approval in this case was not, under the circumstances, such laches as barred the plaintiff's right to recover. The rule is therefore made absolute and the compulsory non-suit stricken off and a new trial granted."

Reported by James A. B. Miller, Esq.,<br>Bellefonte, Pa.

(See following case.)